**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAHSHIDA CARTWRIGHT,

                Plaintiff,                Case No. 2:25-cv-13062

v.                                    Hon. Brandy R. McMillion
                                    United States District Judge

MELOW, *et al.*,

                Defendant.

_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS BY
KAREN VICTORI (ECF NO. 14), MOTION FOR JUDGMENT ON
THE PLEADINGS BY SYDNEY ROGERS (ECF NO. 30), MOTION
TO DISMISS BY RACHEL PEREZ (ECF NO. 33), MOTION TO
DISMISS BY OFFICERS JOHNS, CHRISTOPHER KOTT,
MCDERMED, MELOW, MOLCHAN, POSLER (ECF NO. 53),
AND MOTION TO DISMISS BY 16TH DISTRICT COURT
CLERK (ECF NO. 77)**

This is a *pro se* 42 U.S.C. § 1983 civil rights action.  Plaintiff Rashida

Cartwright ("Cartwright") filed this matter for damages and equitable relief against

Defendants Police Officers ("P.O.s") Melow, McDermed, Molchan, Johns, Posler,

Christopher Kott (collectively, "the Officers"), Clerk of the 16th District Court

(Name Unknown) ("Clerk of the Court"), Court-Appointed Attorney Karen Vitori

("Vitori"), Rachel Perez (MSP Chemist) ("MSP Chemist Perez" or "Perez"), City of

Livonia (the "City"), and Prosecutor Sydnee Rodgers ("Rodgers") (collectively

"Defendants").  *See generally* ECF No. 1.  Simply put, Cartwright alleges her Fourth,

1

Fifth, Sixth, and Fourteenth Amendment rights against "unlawful seizure, arrest, detention and prosecution" were violated when she was arrested, charged and convicted of an OWI offense in a Michigan state court. *Id.*

Before the Court are various Motions to Dismiss claims pursuant to Rule 12(b)(6) filed by Public Defender Vitori (ECF No. 14), Perez (ECF No. 33), the Officers (ECF No. 53), Clerk of 16th District Court (ECF No. 77), as well as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) by Prosecutor Rogers (ECF No. 30). Each Motion has been fully briefed. *See* ECF Nos. 32, 37, 39, 44, 48, 50, 54, 59, 81, 82. In lieu of holding a hearing, the Court will rule based on the record before it. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Motions filed by Vitori (ECF No. 14), Perez (ECF No. 33), the Officers (ECF No. 53), the Clerk of 16th District Court (ECF No. 77), and Prosecutor Rogers (ECF No. 30) are **GRANTED**.

## I.

"Cartwright brings this lawsuit against individuals and entities she encountered during the course of her underlying criminal prosecution and eventual conviction." ECF No. 14, PageID.119. On January 23, 2025, two unnamed Livonia Police Department officers stopped Cartwright around 7:52 P.M. ECF No. 1, PageID.3. The Officer's stated they received a call that she was "driving all over" and "doing donuts." *Id.* Cartwright alleges the officers produced no corroboration

of any traffic infraction or erratic driving and, without consent, searched her coat pockets and shined lights into her vehicle. *Id.* Cartwright alleges she was hesitant to complete a roadside test. *Id.* Officer Melow declared her intoxicated, which led to her arrest. *Id.* Cartwright further alleges during handcuffing, Officer Mellow twisted her arm, causing pain and injury due to excessive force. *Id.*

At the precinct and hospital, Cartwright was denied a timely phone call and mocked by an unnamed female officer. *Id.* The officers sought to enforce a blood-draw warrant, which according to Cartwright, was defective because it lacked proper supporting materials. *Id.*; ECF No. 33, PageID.325. She was then "shackled and transported" to a hospital, while continuing to be subjected to mocking and racial gestures. ECF No. 1, PageID.3. Afterwards, her case proceeded within the trial court.

Carwright alleges she "attempted to file a Motion for Appointment of Counsel and a Motion referencing a "Chain of Custody/Discovery issue" but the Clerk of the Court refused to docket them. ECF No. 1, PageID.4. She alleges that during discovery, she was given blank disk instead of "body worn camera (BWC) or dashcam recordings, warrant affidavit, or police reports" for use during her case. *Id.* Cartwright further alleges her "appointed counsel failed to communicate, appeared late, and did not litigate discovery or chain-of-custody issues[.]" *Id.* Cartwright was nonetheless convicted of an OWI High BAC offence after a bench trial. *See id.*;

ECF No. 11.[1]  This lawsuit followed.

Cartwright's complaint alleges fifteen federal and state law claims against the Defendants.  *See* ECF No. 1.  There are four claims pursuant to the Fourth Amendment (Counts I, II, III, and IX), three claims pursuant to the Fifth and Fourteenth Amendment (Counts IV, V, and VII), two claims pursuant only to 42 U.S.C. § 1983 (Counts VIII and X), one claim under the Sixth Amendment (Count VI), a *Monell* liability claim against the City (Count XV), and three state law claims for false arrest/imprisonment, assault and battery, and intentional infliction of emotional distress (Counts XII, XIII, and XIV).  *Id.*

Defendants have filed various Motions to Dismiss the alleged claims pursuant to Rule 12(b)(6) –Public Defender Vitori (ECF No. 14), MSP Chemist Perez (ECF No. 33)[2], the Officers (ECF No. 53), the Clerk of 16th District Court (ECF No. 77). Prosecutor Rogers also brings a Motion for Judgment on the Pleadings pursuant to Rule 12(c) (ECF No. 30).  Each Motion has been fully briefed.  *See* ECF Nos. 32, 37, 39, 44, 48, 50, 54, 59, 81, 82.  In lieu of holding a hearing, the Court will rule based on the record before it.  *See* E.D. Mich. L.R. 7.1(f)(2).

---

[1] *See also City of Livonia v. Cartwright*, No. 2025-25L00548OD-OD (16th Dist. Ct. June 25, 2025), https://micourt.courts.michigan.gov/case-search/court/D16/case-details?caseId=2025-25 L00548OD-OD-01&tenantKey=D16-82-0630841-00-00&searchUrl=%2Fcourt%2FD16%2Fse arch%3FlastName%3DCartwright%26firstName%3DRahshida%26page%3D1 [https://perma.cc/ 8UTY-SRPX] (last accessed April 16, 2026).

[2] The Court notes Defendant Perez also moves for dismissal under Rule 12(b)(1) for the claims against her.  *See* ECF No. 33, PageID.326.

## II.

A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, this does not negate the applicability of Federal Rule 8, which demands more than an unadorned . . . accusations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A plaintiff has an obligation to file a complaint that is "plausible on its face."  *See City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The lenient treatment generally given to *pro se* pleadings has its limits.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow []the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (alteration in original) (quoting *Ashcroft*, 556 U.S. at 679).  In reviewing a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff.  *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023).  The Court also must "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief."  *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56).  But pleadings that are no more than legal conclusions are not entitled to

the assumption of truth.  *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3.  Generally, whether a plaintiff has sufficiently pled its claim depends on the factual allegations within the four corners of the plaintiff's complaint.  *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024).

"Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction."  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  When considering a motion under Rule 12(b)(1), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true."  *Parrino v. Prince*, 869 F.3d 392, 397 (6th Cir. 2017).  The standard of review for a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction depends on whether the defendant makes a factual or facial challenge to subject-matter jurisdiction.  *See L.C. v. United States*, 83 F.4th 534, 542 (6th Cir. 2023).  A factual attack challenges the jurisdictional facts set forth in the complaint and thus forces the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist."  *Id.*  A facial attack on subject matter jurisdiction, by contrast, does not challenge the factual allegations, but challenges the jurisdictional sufficiency of the complaint given those facts.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

In evaluating a Rule 12(c) motion for judgment on the pleadings, the Court applies the same standard it uses to evaluate a 12(b)(6) motion to dismiss.  *Bates v.*

*Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020); *Bolone v. Wells Fargo Home Mortg., Inc.*, 858 F. Supp. 2d 825, 830 (E.D. Mich. 2012); *see also E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). Courts must view the pleadings in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgement as a matter of law. *See Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). A motion for judgment on the pleadings may be granted only if the moving party is nevertheless clearly entitled to judgment. *Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp., Ohio*, 988 F.3d 353, 357 (6th Cir. 2021) (citation omitted).

**III.**

Defendants Public Defender Vitori (ECF No. 14), Perez (ECF No. 33), the Officers (ECF No. 53), and the Clerk of 16th District Court (ECF No. 77), all move for dismissal under Rule 12(b)(6), and Perez also seeks dismissal pursuant Rule 12(b)(1). *See* ECF Nos. 14, 33, 53, 77. Prosecutor Rogers moves for Judgment on the Pleadings pursuant to Rule 12(c). *See* ECF No. 30. The Court will address each of the Motions and various claims in turn.

**A.    ECF NO. 14 – MOTION TO DISMISS (KAREN VITORI)**

Cartwrights claim against Defendant Vitori (Count VI) is subject to dismissal under Rule 12(b)(6). "Defendant Karen Vitori was Cartwright's court-appointed

public defender in the underlying criminal action." *See* ECF No. 14, PageID.118.

Vitori moves for dismissal on three grounds: (1) she is not a state actor for the purposes of a constitutional violation, (2) that Cartwright failed to plead plausible constitutional and state-law claims, and (3) the Court should decline supplemental jurisdiction. *See* ECF No. 14. Of interest to the Court is the state actor requirement.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Edison v. Township of Northville*, 752 F. Supp. 3d 808, 819 (E.D. Mich. 2024) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A claim for damages under § 1983 is subject to dismissal if the Defendant is not a state actor. *See Townsend v. Guidance Cen.*, No. 24-1187, 2024 WL 5454757, at *2 (6th Cir. Oct. 2, 2024) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).

Here, Cartwright list Vitori as a defendant. *See* ECF No. 1, PageID.3. In response, she maintains that her claims are sufficient to proceed because her "[complaint] alleges specific factual misconduct, included lack of communication, lack of preparation, late discovery, later appearances to hearings, ignoring exculpatory inconsistencies, and alignment with the prosecution." *See* ECF No. 32, PageID.306. However, that is not sufficient for a Section 1983 claim because none of those actions deprived or violated any constitutional right afforded to Cartwright.

8

Even if Cartwright claims she is a part of "defendants" generally, it is well-settled that retained and appointed attorneys functioning as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Mich. Sup. Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.").

There are no allegations that Vitori exercised powers traditionally reserved to the State—nor is she responsible for the conduct of government officials. *See Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of § 1983 claim against defense attorneys because they were not state actors and were not responsible for bond denial); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (prisoner's assertion that public defenders failed to competently represent him failed to state a claim under § 1983).

Cartwright cites to *Tower v. Glover*, 467 U.S. 914, 923 (1984) for the proposition that public defenders are not immune from suit when "engaging in conduct outside traditional advocacy." *See* ECF No. 32, PageID.306. But all the actions of Vitori listed in Cartwright's Response to this Motion are a part of a "traditional advocacy role," no matter how unhelpful they may appear. Thus, while construing the facts in the light most favorable to Cartwright under a liberal *pro se*

standard, none of those allegations satisfy the state actor requirement to state a plausible claim under § 1983.

Consequently, the claim against Vitori (Count VI) is **DISMISSED WITH PREJUDICE** because she is not a state actor subject to suit under § 1983.[3] Therefore, Vitori's Motion to Dismiss (ECF No. 14) is **GRANTED**.

## B.   ECF NO. 30 – MOTION FOR JUDGMENT ON THE PLEADINGS (SYDNEY ROGERS)

Turning now to Procsecutor Rogers, the claim against her (Count V) is also subject to dismissal under Rule 12(c).  Procsecutor Rogers moves for judgment of Cartwright's claim against her on three grounds: (1) the *Heck* doctrine prevents any federal claims for improper evidentiary support; (2) she is entitled to prosecutorial immunity; and (3) because the specific allegations raised against her should have been raised in an appeal of her criminal misdemeanor conviction in state court.  *See generally* ECF No. 30.  Immunity and the *Heck* Doctrine are of importance here.

### 1.   Dismissal under Heck v. Humphries

Under the *Heck* Doctrine, in order to recover damages for an allegedly unconditional conviction or imprisonment, or for other harm cause by an action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the convocation or sentence (1) has been reversed on direct appeal,

---

[3] The Court need not reach a decision on the remaining arguments as the lack of a state actor is a sufficient basis for dismissal.  *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Adams v. Metiva*, 31 F.3d 375 (6th Cir. 1994).

10

(2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) call into question by a federal court's issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalid is not cognizable under § 1983." *See id.* So, the inquiry before the Court is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence[.]" *Id.* If so, the action is dismissed. *Id.* However, if it would not result in invalidating any criminal judgement against the Plaintiff, the action will be allowed to proceed. *Id.*

Cartwright alleges her claims are not barred by the *Heck* Doctrine because (1) her conviction was procured through fraud, (2) she was prevented from filing a meaningful appeal, (3) some of her claims do not imply invalidating her underlying conviction, and (4) because the probation conditions "[do] not appear on any sentencing order signed by the judge." *See* ECF No. 37, PageID.350-351. The Court disagrees with each of those arguments.[4]

Central to all of Cartwright's claims is that her conviction was the result of fabricated evidence, and that none of the exculpatory evidence was presented within her state court proceeding. Either circumstance would lead this Court to call into

---

[4] As support, Carwright cites to *Moldowan v. City of Warren*, 578 F.3d 351 (6th Cir. 2009). *Moldowan* is not applicable to the facts of this case.

11

question Cartwright's conviction in adjudicating an award for damages against the prosecutor, which this Court cannot do without a petition for a writ of habeas corpus. *Heck*, 512 U.S. at  486.  Thus, any claim relating to either circumstance is barred under *Heck* because it would result in dismantling Cartwright's conviction.

As support, Cartwright cites to *Powers v. Hamilton Cnty. Pub. Def. Com'n*, 501 F.3d 592 (6th Cir. 2007), arguing that *Heck* does not bar her claims because she was prevented from pursuing a meaningful appeal.  *See* ECF No. 37, PageID.350. *Powers*, however, does not support that argument.  Rather, *Powers* instead held that *Heck* did not bar the petitioners claims because they were not aimed at invalidating the underlying conviction, *see Powers*, 501 F.3d at 599, unlike the facts of Cartwright's claims here.  On the contrary, Cartwright's claims relating to the sufficiency of evidence which led to her conviction is a sufficient basis to bring an appeal, regardless of whether the evidence was in her possession or not.  And if fraud is implied within Cartwrights complaint, none of the allegations meet the procedural threshold required for fraud claims to proceed before this Court.  *See City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 29 F.4th 802, 810 (6th Cir. 2022); Fed. R. Civ. P. 9(b).  Thus, Cartwright's claims against Prosecutor Rogers are barred under the *Heck* Doctrine.

2.    *Prosecutorial Immunity*

It is also well established that Prosecutors, acting within the scope of their

duties, are entitled to absolute immunity from civil suits on conduct intimately associated with the judicial phase of the criminal process.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 877-78 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009).  The immunity even applies when a prosecutor acts wrongfully or maliciously.  *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury).

Here, the allegations against Prosecutor Rogers are solely related to discovery that would support the charges against Cartwright.  *See* ECF No. 1, PageID.4.  This is certainly tied to her functional role in the judicial process and therefore entitles her to absolute immunity on claims arising from her advocacy in Cartwright's case. *Rouse v. Stacy*, 478 F. App'x 945, 948 (6th Cir. 2012) (quoting *Imbler*, 424 U.S. at 430); *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)).

Cartwright argues Roger's is not entitled to immunity under *Buckley v. Fitzsimmons*, and *Kalina v. Fletcher*.  *See* ECF No. 37, PageID.351.  She is incorrect. First, *Buckley* does make the distinction that absolute immunity is not granted to certain acts which are not a part or function of Roger's advocacy role as counsel for the State.  *See* 509 U.S. 259, 273 (1993).  However, all of the prosecutorial acts identified within Cartwright's response originate from Roger's advocacy role; a

13

claim against the suppression of exculpatory evidence is related to a function of the prosecutorial process. *See Price v. Montgomery Cnty., Ky.*, 72 F.4th 711, 720 (6th Cir. 2023). An alternative analysis to afford a different level of immunity is therefore unnecessary as it will not negate the protections of immunity afforded to Rogers in general. Thus, Count V against Prosecutor Rogers is **DISMISSED WITH PREJUDICE**. Therefore, Roger's Motion for Judgment on the Pleadings (ECF No. 30) is **GRANTED**.

## C.     ECF NO. 33 – MOTION TO DISMISS (PEREZ)

As for the claim against Perez (Count IX), it too is subject to dismissal pursuant to Rules 12(b)(1) and (b)(6) under the Eleventh Amendment. *See, e.g.*, *Nail v. Whitbeck*, No. 1:07-cv-544, 2008 WL 5381818, at *5 n.3 (W.D. Mich. Dec. 22, 2008) (citing *Nari v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006), *Experimental Holdings, Inc., v. Farris*, 503 F.3d 514 (6th Cir. 2007), and *Dixon v. Clem*, 492 F.3d 665 (6th Cir. 2007)). The Eleventh Amendment protects states and their departments from private civil suits in federal court unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); U.S. Const. amend XI.

Here, the State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not

abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, because the State of Michigan is protected by Eleventh Amendment immunity, any claims against it, or its employees are dismissed. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).[5] Therefore, Count XI is **DISMISSED WITH PREJUDICE** and Perez's Motion to Dismiss (ECF No. 33) is **GRANTED**.

### D. ECF NO. 53 – MOTION TO DISMISS (JOHNS, CHRISTOPHER KOTT, MCDERMED, MELOW, MOLCHAN, POSLER)

Turning now to the Officers, the claims against them (Count I, II, III, IV, V, VII) are also insufficient to proceed pursuant to Rule 12(b)(6). The Officers uniformly move for dismissal of Cartwright's claims against them, except Count III as to Officer Melow, on the following grounds: (1) the applicability of the *Heck* doctrine; (2) insufficient facts to maintain Count III against the remaining Officers, besides Officer Melow; (3) for insufficient service of process on Officer Posler; (4) for an inactionable Equal Protection Claim; and (5) because the facts alleged are insufficient to support a claim for Conspiracy under § 1983. *See generally* ECF No. 53. The Court will address each in turn.

#### 1. *Dismissal of Counts I, II, III, IV, and V.*

Under Counts I, II, III, the Fourth Amendment does protect against unlawful

---

[5] The Court need not reach a decision on the remaining arguments as the application of Eleventh Amendment immunity is a sufficient basis for dismissal. *See Nari*, 443 F.3d at 477.

searches and seizures, warrantless searches, and excessive force.  *See* U.S. CONST. amend. IV.  Likewise, under Count IV "[t]he Fourteenth Amendment provides, in part that 'no State shall deprive any person of life, liberty, or property, without due process of law.'" *See Krueger v. City of Eastpointe*, 425 F. Supp. 3d 679, 688 (E.D. Mich. 2020) (citing *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005)); U.S. CONST. amend. XIV, § 1; *accord* U.S. CONST. amend. V.

For a plausible claim of a constitutional violation, the Court must first determine whether the threshold requirements for a § 1983 action have been alleged. As stated prior, this requires pleading that the plaintiff (1) was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Edison*, 752 F. Supp. 3d at 819.  Both are satisfied here as Cartwright alleges the Officers violated her rights under the Fourth, Fifth, and Fourteenth Amendment.

The Officers argue that under *Heck*, Cartwrights claims are barred from adjudication in this Court because a judgment rendered on any of these claims would necessarily invalidate her misdemeanor conviction.  The Court agrees.  As previously  stated "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalid is not cognizable under § 1983." *Heck*, 512 U.S. at 486.  So, the inquiry before the Court is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence[.]"

*Id.* If so, the action is dismissed. *Id.* However, if it would not result in invalidating any criminal judgement against the Plaintiff, the action will be allowed to proceed. *Id.* Here, Cartwright's misdemeanor violation must be set aside first before she can maintain a § 1983 damages claim because a finding of a constitutional violation would make the conviction invalid, despite her argument in response against such notion. *See Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Such a claim, in Cartwrights position, would only be properly before the Court within a writ of habeas petition, not a § 1983 claim for damages.

The same can be said for Cartwrights claims under Count V for an alleged *Brady* violation. A *Brady* violation is not an exception to the *Heck* doctrine's applicability. *See Allen v. Clark*, No. 1:13-cv-326, 2014 WL 3016075, at *6 (S.D. Ohio July 3, 2014) (citing *Ruiz v. Hofbauer*, 325 F. App'x 427, 431 (6th Cir. 2009)). Therefore, Cartwrights claims under Counts I, II, III, IV, and V are barred under *Heck*, and **DISMISSED WITH PREJUDICE**.

2.      *Count III should be dismissed as to all officers except Officer Melow.*

The Officers also argue Count III should be dismissed because insufficient facts have been alleged against them. *See* ECF No. 53, PageID.479. The Court agrees. Under Count III, the Complaint only alleges facts supporting the excessive force violation against Officer Melow. *See* ECF No. 1, PageID.5. It fails to allege any facts against the remaining officers. *Id.* Under Sixth Circuit precedent, a

17

complaint fails "where a plaintiff does not allege that particular defendants performed the acts that result in a deprivation of Plaintiffs constitutional rights." *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). Therefore, any allegations raised under Count III against the Officers, excluding Officer Melow, fail as a matter of law and are **DISMISSED WITH PREJUDICE**.

   3.   *Claims against Officer Posler*

For the same reasons previously raised, dismissing the other Officers from this action, the Court also agrees that the claims against Office Posler should be dismissed, as he is not named anywhere within the Complaint. *See Marcilis*, 693 F.3d at 596. Therefore, Cartwright's claims against Officer Posler are also **DISMISSED**.

   4.   *Insufficient Actionable Equal Protection Claim.*

Cartwright also alleges an Equal Protection Claim. *See* ECF No. 1, PageID.6. The Equal Protection Clause requires that no State may "deny to any person within its jurisdiction the equal protection of the laws." *Ondo v. City of Cleveland*, 795 F.3d 597, 607 (6th Cir. 2015) (citing U.S. CONST. amend. XIV, § 1, cl. 4). "Equal-protection claims that neither implicates a fundamental right nor involve a suspect or quasi-suspect class require only rational-basis review." *Id.* at 608 (citing *Romer v. Evans*, 517 U.S. 620, 631 (1996); *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 693 (6th Cir. 2014)). However, a plaintiff's equal protection claims that fail to allege

18

disparate treatment, such "that the government treats certain people disparately as compared to similarly situated persons[,]" are subject to dismissal. *See Arucan v. Cambridge East Healthcare/Sava SeniorCare, LLC*, 347 F. Supp.3d 318, 344 (E.D. Mich. 2018) (citing *Raymond v. O'Connor*, 526 F. App'x 526, 530 (6th Cir. 2013).

Here, Cartwright alleges that she was "mocked" by Officers, received "racial gestures," and "labeled" as a "sovereign citizen to discredit her – disparate, discriminatory treatment that infected the process." *See* ECF No. 1, PageID.6.  All of those allegations appear to be specific to Cartwright without further allegations for a similarly situated comparator.  Thus, as a matter of law, Cartwright's claim for an Equal Protection violation under Count VII is **DISMISSED WITH PREJUDICE**.

5. *Conspiracy Claim pursuant to § 1983*

Cartwright further raises a conspiracy claim, essentially asserting that the defendants conspired to "fabricate probable cause, withhold evidence, brand [her] as non-credible, and obstruct filings." *See* ECF No. 1, PageID.7.  A civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).  To state a conspiracy claim under § 1983, a plaintiff must allege facts which show: (1) a single plan, (2) that the alleged coconspirator shared in the general conspiratorial objective, and (3) that an overt act

was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Id.*; *see also Memphis, Tenn. Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with particularity and some specificity. *See Twombly*, 550 U.S. at 564-66 (stating that allegations of a conspiracy must be supported by facts that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

In this case, Cartwright's conspiracy claims are vague, speculative, and conclusory. Her claims are devoid of any facts to suggest that one or more, let alone all, of the defendants entered into an agreement or had a single plan to deprive her of her rights, that they shared that objective, or that they acted in furtherance of a conspiracy. Conclusory allegations are insufficient to state a civil rights claim under § 1983, including a conspiracy claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Horton v. Martin*, 137 F. App'x 773, 775-76 (6th Cir. 2005). To be sure, the Supreme Court has recognized that while parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. Such is the case here. Cartwright fails to allege sufficient facts to show any concerted behavior of

20

any of the defendants, as such her conspiracy claims are dismissed.[6]  Thus, Cartwright's claim under Count XI is **DISMISSED WITH PREJUDICE**. Therefore, the Motion to Dismiss (ECF No. 53) is **GRANTED**.

   **E.   ECF NO. 77 – MOTION TO DISMISS (CLERK OF 16TH DISTRICT COURT)**

The same can be said for the claim against the Clerk of the Court (Count VIII); it is insufficient to proceed under Rule 12(b)(6).  The Clerk of the Court moves for dismissal of Cartwright claims against her on three grounds: (1) sovereign immunity, (2) the *Heck* doctrine, and (3) because the claims are conclusory under the *Iqbal/Twombley* standard.  *See generally* ECF No. 77.

Immunity is the primary argument of importance here.  Cartwright argues that because she has raised several constitutional violations related to access to file motions before the trial court, those claims must proceed.  *See* ECF No. 81, PageID.670.  The Court disagrees.  Generally speaking, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)).  However, judicial "immunity is not limited to judges alone.  It protects in equal measure officers who

---

[6] Cartwright also request for leave to amend her complaint.  *See* ECF No. 54, PageID.486. Not only is a request for leave to amend the complaint in opposition to a motion to dismiss improper, *see Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014), but the Court is not persuaded based on the final argument in one of many responses in opposition to a Motion to Dismiss in this case that an amendment would not be futile.  Therefore, the Court declines to extend Cartwright an opportunity to amend the complaint against the Officers in this case.

perform judicial duties[.]" *Id.* (citing *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (per curiam)). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected.")).

Courts are instructed to look to the "nature of the function performed not the identity of the actor who performed it." *See Quatkemeyer v. Kentucky Bd. of Med. Licensure*, 506 F. App'x 342, 346 (6th Cir. 2012) (citing *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). Under that logic, quasi-judicial immunity applies to court clerks. *Huffer*, 503 F. App'x at 461 (citing *Foster*, 864 F.2d at 417). A court clerk is entitled to absolute immunity when performing judicial functions, even if acting erroneously, corruptly, or in excess of jurisdiction. *See Boling v. Garrett*, No. 2:08-cv-12117, 2008 WL 2610243, at* 2 (E.D. Mich. Jun. 30, 2008) (citing *Mireles*, 502 U.S. at 9-10; *Collyer*, 98 F.3d at 221).

Here, Cartwright alleges that the Clerk of the Court "refused to accept Plaintiff's Motion for Counsel and motion attacking chain-of-custody/discovery in violation of Mich. Ct. R. 8.119(c)," essentially preventing Cartwright from

exercising her right to access the court.  The facts alleged in the Complaint involve the duties of the court clerk to effectuate and enforce a criminal judgment of sentence.  It is clear that "enforcing or executing a court order is intrinsically associated with a judicial proceeding" and invokes quasi-judicial immunity.  *Bush*, 38 F.3d at 847; *see also Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) (clerk filing or refusing to file a document with the court is entitled to immunity).  And even though Cartwright claims that the court clerk acted in bad faith by denying her access to file nonfrivolous motions, determining whether to accept or deny a motion is an inherent part of the job of a count clerk, which does not negate the entitlement to immunity.  *See Mireles*, 502 U.S. at 11 (allegations of bad faith or malice do not overcome judicial immunity).[7]

Thus, Count VIII is **DISMISSED WITH PREJUDICE**.  Consequently, the Court hereby dismisses Clerk of the Court from this case.  Therefore, the Motion to Dismiss (ECF No. 77) is **GRANTED**.

### F. DECLINING TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER COUNTS XII, XIII, AND XIV.

Lastly, Cartwright's Complaint contains three claims pursuant to Michigan Law.  The Court can exercise supplemental jurisdiction over state law claims but is only likely to do so when federal claims survive a motion to dismiss.  *Carlsbad*

---

[7] The Court need not reach a decision on the remaining arguments as the application of quasi-judicial immunity is a sufficient basis for dismissal.  *See, e.g.*, *Quatkemeyer*, 506 F. App'x at 349.

*Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also Schmidt v. PennyMac Loan Serv.*, 106 F. Supp. 3d 859, 872 (E.D. Mich. 2015) ("Supplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right'").

District courts have discretion to exercise supplemental jurisdiction over state law claims if they "are so related . . . that they form part of the same case or controversy" as the federal claims over which the Court has original jurisdiction. *Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*, No. 14-14601, 2015 WL 4078142, at *4 (E.D. Mich. July 2, 2015); 28 U.S.C. § 1367(a); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, the district court "need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so." *Estate of Johnson v. City of Detroit*, 2022 WL 5102019, at *5 (E.D. Mich., 2022) (citing *Gibbs*, 383 U.S. at 726). "The question of whether a court may assert supplemental jurisdiction over state claims remains open throughout the litigation." *Hussain Alfatlawy v. City of Detroit et al.*, 2024 WL 4678138, at *5 (E.D. Mich., 2024); *Kubala v. Smith*, 984 F.3d 1132, 1137 (6th Cir. 2021).

Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right. *Gibbs*, 383 U.S. at 726. Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Johnson*, 2022 WL

24

5102019, at *5. Pursuant to 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over a pendant state claim if:

(1) The claim raises a novel or complex issue of state law,

(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) The district court has dismissed all claims over which it has original jurisdiction, or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed . . . ." *United Mine Workers*, 383 U.S. at 726-27.

Here, the state law claims (Counts XII, XIII, and XIV) substantially predominate over the remaining federal claim in this litigation. 28 U.S.C. § 1367(c)(2). Each of the state law claims arise under Michigan law and pertain to Cartwright's arrest which led to her conviction. *See* ECF No. 1, PageID.8. The remaining federal claim concerns the City of Livonia and its policies and customs which are alleged to have led to Cartwrights' injuries. Although there is some minor factual overlap between Plaintiffs' state and federal claims, this Court finds they are factually distinct enough that other factors outweigh this in the Court's consideration. *See Estate of Johnson v. City of Detroit*, No. 4:20-cv-12791, 2022

WL 5102019, at *6 (E.D. Mich., Aug. 29, 2022) (declining to exercise supplemental jurisdiction even where the federal and state claims arose out of the "same factual background" because that fact was outweighed by considerations of judicial economy, convenience to the parties, and the potential of jury confusion)."

For the purposes of § 1367(c)(4), compelling reasons should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness, and comity." *Johnson*, 2022 WL 5102019, at *6 (internal quotation marks and citation omitted).  Here, the Court finds no exceptional circumstance that would warrant exercising jurisdiction over the state law claims. Therefore, in the interest of judicial economy, convenience, and fairness, the Court will not exercise supplemental jurisdiction over the state claims.  Counts XII, XIII, and XIV are **DISMISSED WITHOUT PREJUDICE** for Cartwright to file in State court if she so desires.

### IV.

Based on the analysis above, Plaintiff fails to state any plausible cause of action against several Defendants in this case.  Accordingly, the Motions to Dismiss Cartwright's claims pursuant to Rule 12(b)(6) against Public Defender Vitori (ECF No. 14), Perez (ECF No. 33), the Officers (ECF No. 53), Clerk of 16th District Court (ECF No. 77), as well as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) by Prosecutor Rogers (ECF No. 30) are **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that Counts I, II, IV, and V are barred under *Heck*, and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Count III is **DISMISSED WITH PREJUDICE** with respect to Officers McDermed, Molchan, Johns, Posler, Christopher Kott.   Therefore, Officers McDermed, Molchan, Johns, Posler, Christopher Kott are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Count VI is **DISMISSED WITH PREJUDICE** because Vitori is not a state actor subject to suit under § 1983. Therefore, Defendant Vitori is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Count VII is **DISMISSED WITH PREJUDICE** against all of the Officers.

**IT IS FURTHER ORDERED** that Count VIII is **DISMISSED WITH PREJUDICE**, and the Clerk of the 16th District Court is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Count IX is **DISMISSED WITH PREJUDICE**, and Defendant Perez is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Count XI is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Counts XII, XIII, and XIV are **DISMISSED WITHOUT PREJUDICE** for Cartwright to file in State court if she

27

so desires.

**IT IS FURTHER ORDERED** that Count III will proceed against Officer

Melow and Count XV will proceed against the City.

**IT IS SO ORDERED.**

Dated: April 20, 2026  
      Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge