UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAHSHIDA CARTWRIGHT,

                Plaintiff,                          Case No. 2:25-cv-13062

v.                                        Hon. Brandy R. McMillion
                                              United States District Judge
MELOW, *et al.*,

                Defendant.

_____/

**OPINION AND ORDER GRANTING MOTION TO
STAY PROCEEDINGS PENDING APPEAL (ECF NO. 89)**

Before the Court is Defendants City of Livonia ("the City") and Officer Melow's Motion to Stay Proceedings Pending Appeals (ECF No. 89).  Plaintiff Rahshida Cartwright ("Cartwright"), proceeding *pro se*, has appealed the Court's previous Omnibus Order (ECF No. 73) which denied her request for a temporary restraining order and dismissed defendants[1] that were not properly served. *See* ECF No. 74.  Cartwright also appealed the Court's Opinion and Order Granting Defendants' Motions to Dismiss and for Judgment on the Pleadings (ECF No. 83) which dismissed claims against most of the remaining defendants.[2]  *See* ECF No 86.

---

[1] Magistrate Judge Bernier, Judge Kavannagh, Probation Officers Jada LNU, RN Johnny, Judge Jolly, the 16th District Court, Unknown Female Officers, and the Livonia Police Department.

[2] Officer Christopher Kott, Officer McDermed, Officer Molchan, MSP Chemist Rachel Perez, Officer Posler, Sydney Rogers, Court-Appointed Attorney Karen Victori, 16th District Court, Clerk and Officer Johns.

The City and Officer Melow, as the only remaining defendants, seek a stay of this matter pending decisions from the Sixth Circuit Court of Appeals. *See* ECF No. 89. This motion has been adequately briefed, so the Court will rule without hearing. *See* L.R. 7.1(f)(2).[3]  For the reasons stated below, the Court **GRANTS** the Motion to Stay.

* * * *

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . .". *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A district court considers four factors when deciding whether to stay proceedings during the pendency of an appeal: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coal of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  "These factors are not prerequisites that must be met but are interrelated considerations that must be balanced together." *Id.*

The City and Officer Melow request a stay pending decisions from the appellate court due to "the concern of inefficiency and the potential need to redo

---

[3] Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 96) is **DENIED**.

2

depositions should any of the dismissed parties or issues be remanded." *See* ECF No. 89, PageID.735.  They argue that "[i]f District Court proceedings are stayed, all the benefits of an efficient pretrial process remain should any matters on appeal be remanded… [and] the pretrial process becomes quite complicated and messy in the absences of a stay." *Id.* at PageID.736.  Cartwright, however, claims she would be prejudiced by an appeal because there is a risk that critical evidence would not be preserved, namely body-worn camera footage, dashcam footage, dispatch and CAD records, and 911 audio. *See* ECF No. 93, PageID.771.  Defendants respond that they have produced electronic recordings of the stop and arrest at issue in this case, which should eliminate any arguable harm.  ECF No. 94, PageID.781.

On balance, the *Michigan Coal* factors favor staying further proceedings in this matter until Cartwright's appellate proceedings are completed, or at a minimum until the Sixth Circuit rules on Defendants' motion to dismiss the appeal.[4]  The first factor (likelihood of success on appeal) is "inversely proportional to the harm." *Id.*; *see also Grutter v. Bollinger*, 247 F.3d 631, 633 (6th Cir. 2001).  Meaning, "more of one excuses less of the other." *Michigan Coal*, 945 F.2d at 153.  Here, Defendants not only challenge the merits of Cartwright's appellate claims, but they also assert

---

[4] The Sixth Circuit entered an order holding in abeyance briefing on the merits of Plaintiff's appeals until it could first address Defendants' motion to dismiss based on the Final Judgment Rule.  *See* Ruling Letter*, Rahshida Carwright v. Melow, et al.*, No. 26-1139 (6th Cir. Apr. 28, 2026) (No. 15).  If the court determines that the Final Judgment Rule applies, then the appeals would be dismissed until this Court addresses the remaining claims in this litigation.

3

that those claims are not even ripe for decision by the circuit court because this Court has not issued a final judgment in this matter.  This reduces the need to demonstrate much harm to Defendants, but they do assert that there is the potential for duplication of depositions, a muddied discovery record, and less efficiencies in the pretrial process.

Further, Defendants alleviate any alleged harm to Plaintiff by not only preserving the electronic evidence at risk of being destroyed, but by producing that limited information to ensure preservation.  This should obviate Plaintiff's concern about harm from destruction of evidence, as the electronic recordings are now in her possession.  Lastly, public interest weighs in favor of a stay where it will "control[] litigation expenses and conserve judicial resources." *Choon's Design Inc. v. Tristar Prod., Inc.*, No. 2:14-cv-10848, 2018 WL 11351661, at *3 (E.D. Mich. July 13, 2018).  The risk of duplicative discovery – *i.e.*, depositions of Officer Melow, Plaintiff or any other officials involved in the remaining claims and any potential claims that could be remanded from the Court of Appeals – is sufficient for this Court to exercise its inherent authority to control its docket in a way that serves efficiency and minimizes costs for all parties involved. *Dietz v Bouldin*, 579 US 40 (2016).

Therefore, balancing these four interrelated factors and "in light of the overall circumstances of the case," the Court finds that granting a stay of the proceedings

pending appeal is appropriate. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

* * * *

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay (ECF No. 89) is **GRANTED**. This matter is **STAYED** pending resolution of Plaintiff's Appeals (ECF Nos. 74, 86).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Jury Trial (ECF No. 98) is held in **ABEYANCE**, pending the stay entered by this Order.

**IT IS FURTHER ORDERED** that the Telephonic Scheduling Conference set for Monday June 15, 2026 is **CANCELLED**, and will be reset by the Court at a later date.

**IT IS SO ORDERED.**

Dated: June 11, 2026                    s/Brandy R. McMillion
    Detroit, Michigan                 HON. BRANDY R. MCMILLION
                               United States District Judge