**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION**

RAHSHIDA CARTWRIGHT,
Plaintiff,

v

USDC Case No 2:25−cv−13062
HON. BRANDY R. MCMILLION
MAG. DAVID R. GRAND

P.O. MELOW, P.O. MCDERMED, P.O. MOLCHAN, P.O. JOHNS, P.O. POSLER, P.O. CHRISTOPHER KOTT, UNKNOWN FEMALE OFFICERS, CLERK OF THE 16[TH] DISTRICT COURT (NAME UNKNOWN), MAGISTRATE BERNIER, JUDGE KAVANAGH, JUDGE JOLLY, COURT-APPOINTED ATTORNEY KAREN VICTORI, PROBATION OFFICER JADA (LAST NAME UNKNOWN), RN JOHNNY (TRINITY HEALTH LIVONIA), RACHEL PEREZ (MSP CHEMIST), CITY OF LIVONIA, AND SYDNEE RODGERS,
Defendants.
_____________________________________________________________/

Rahshida Cartwright
Plaintiff, in pro per
30228 Southfield Rd., Apt. #167
Southfield, Michigan 48076
Ph: (313) 608-8415
rahshi31@gmail.com

Ryan Wier (P83886)
Assistant Attorney General
Attorney for Defendant Rachel Perez
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, Michigan 48909
Ph: (517) 335-7573
wierr2@michigan.gov

Eric S. Goldstein (P45842)
Attorney for Defendants, City of Livonia, Sydnee Rogers, 16[th] District Court, P.O. Melow, P.O. McDermed, P.O. Molchan, P.O. Johns, P.O. Kott, P.O. Posler
33000 Civic Center Drive
Livonia, Michigan 48154
Ph: (734) 466-2520
egoldstein@livonia.gov

James J. Hunter (P74829)
Collins Einhorn Farrell PC
Attorney for Defendant Karen Victori
4000 Town Center, 9[th] Floor
Southfield, Michigan 48074
Ph: (248) 355-4141
james.hunter@ceflawyers.com
_____________________________________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO ADDRESS NEW EVIDENCE SUBMITTED WITH DEFENDANTS' REPLY (ECF NO. 129), OR, ALTERNATIVELY, TO DISREGARD THE AFFIDAVIT OF TYLER MELOW**

NOW COME DEFENDANTS the City of Livonia and Tyler Melow, through counsel, and, in response to Plaintiff's Motion for Leave to File Sur-Reply to Address New Evidence Submitted with Defendants' Reply (ECF No. 129), or, Alternatively, to Disregard the Affidavit of Tyler Melow, state as follows:

For the reasons set forth in the brief that follows, Defendants respectfully request that this Court deny Plaintiff's motion.

Respectfully submitted,

/s/Nicholas P. Gamber
City of Livonia
Counsel for Defendants City of Livonia, Sydnee Rogers, 16th District Court, P.O. Melow, P.O. McDermed, P.O. Molchan, P.O. Johns, P.O. Kott, P.O. Posler
33000 Civic Center Drive
Livonia, MI 48154
(734) 466-2520
ngamber@livonia.gov
P83738

# TABLE OF CONTENTS


Index of Authorities ........................................................................................ ii

Question Presented........................................................................................... iii

Table of Controlling or Most Appropriate Authority ..............................................iv

Brief in Support.....................................................................................................1

Facts ......................................................................................................................1

Argument...............................................................................................................3

**A. Officer Melow's affidavit only responds to allegations raised in Plaintiff's response.** ..............................................3

**B. *Seay* does not apply as there is no new evidence.** ......................................5

**C. Alternatively, the proper remedy is to disregard any challenged material, not to authorize a sur-reply.**...............................6

Conclusion ............................................................................................................6

# INDEX OF AUTHORITIES

**Cases**

*Key v. Shelby Cnty.*,
551 F. App'x 262 (6th Cir. 2014) ............................................................3,4,6

*Mirando v. U.S. Dep't of Treasury*,
766 F.3d 540 (6th Cir. 2014)......................................................................3

*Peters v. Lincoln Elec. Co.*,
285 F.3d 456 (6th Cir. 2002)......................................................................4

*Seay v. Tenn. Valley Auth.*,
339 F.3d 454 (6th Cir. 2003)......................................................................6

*Walden v. Gen. Elec. Int'l, Inc.*,
119 F.4th 1049 (6th Cir. 2024)...................................................................3

**Statutes, rules, and regulations**

Fed. R. Civ. P. 6(c)(2)...........................................................................3,4

E.D. Mich. LR 7.1(d)(1) ............................................................................3

# QUESTION PRESENTED

1. Is a sur-reply inappropriate when the affidavit in question only addressed issues raised in Plaintiff's response?

Defendants say, "Yes."
Plaintiff says, "No."

## TABLE OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

*Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)

## BRIEF IN SUPPORT

Plaintiff Rashida Cartwright ("Plaintiff") was arrested for drunk driving on January 23, 2025. Plaintiff has since brought a claim of excessive force against Defendant Tyler Melow ("Officer Melow") arising from his handcuffing of her and a *Monell* claim against Defendant the City of Livonia ("the City" or "the City of Livonia"). Officer Melow and the City filed a Motion for Summary Judgment, and Plaintiff subsequently responded to the motion. In reply, the City and Officer Melow provided an affidavit that responded to allegations raised by Plaintiff. Subsequently, Plaintiff sought to file a sur-reply, claiming that the affidavit introduced new evidence. As explained below, the affidavit addressed issues raised in the response; therefore, a sur-reply is not permitted.

## FACTS

Plaintiff brought numerous claims against various defendants in relation to her January 23, 2025, drunk-driving arrest. After a series of motions and orders from this Court, Plaintiff has two remaining claims: (1) alleged excessive force by Officer Melow when handcuffing Plaintiff and (2) a *Monell* claim against the City based on an alleged policy or custom related to Officer Melow's conduct during the arrest.

The parties met with Magistrate Grand by telephone on September 16, 2026, and, at the conference, it was decided that Officer Melow and the City would file a Motion for Summary Judgment. Officer Melow and the City filed their Motion for

Summary Judgment on October 2, 2026. ECF 120, PageID.918. Plaintiff filed a response on November 2, 2026, and then a corrected response on November 12, 2026. ECF 125, PageID.974; ECF 130, PageID.1081. In Plaintiff's corrected response, she raised a number of issues. Specifically, Plaintiff argued that she was not fleeing; was not armed; was not suspected of a violent offense; did not threaten or attempt to flee from officers; and did not pull, snatch, jerk, or withdraw her arm from the officers' grasp. ECF 130, PageID.1088–90, 1094. Plaintiff also emphasized that the .313 blood-alcohol result relied upon by Defendants was obtained after her arrest and therefore was not known to Officer Melow at the time force was used. *Id.* at PageID.1090.

In reply, Officer Melow submitted an affidavit addressing these issues and explaining the circumstances as he perceived them at the time of the encounter, including Plaintiff's repeated movement toward the driver's seat of her vehicle, his concerns regarding officer safety and the possibility of flight, and his observations during the handcuffing process. (**Exhibit A, Officer Melow's Affidavit, at ¶¶ 11–21**). Thus, the affidavit did not advance a new theory or raise new arguments but instead responded directly to factual assertions first raised in Plaintiff's response brief. Plaintiff, however, brought the present motion seeking leave to file a sur-reply, arguing that new evidence was presented in Officer Melow's affidavit. Because the affidavit does not contain any new evidence, Plaintiff's motion should be denied.

# ARGUMENT

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a sur-reply as a matter of right. *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014); *see* E.D. Mich. LR 7.1(d)(1). In fact, the Sixth Circuit has recognized that sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Walden v. Gen. Elec. Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024) (internal quotation marks omitted). Whether to permit one rests in the Court's discretion. *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 549 (6th Cir. 2014); *see also* E.D. Mich. LR 7.1(d)(1).

A sur-reply may be appropriate only "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Key*, 551 F. App'x at 265 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). Here, Officer Melow's affidavit was responsive to allegations made in Plaintiff's response and therefore no sur-reply should be permitted.

## A. Officer Melow's affidavit only responds to allegations raised in Plaintiff's response.

Rule 6(c)(2) requires that an affidavit *supporting a motion* be served with the motion. Fed. R. Civ. P. 6(c)(2). The rule prevents a movant from withholding the evidentiary basis for its motion until the reply. It does not bar a movant from answering what its opponent puts at issue. Construing the predecessor to Rule

6(c)(2), the Sixth Circuit held that "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476 (6th Cir. 2002). The court approved consideration of a reply declaration because it supported a reply brief "which contested issues brought to light in [the opposing party's] opposing brief." *Id.*

In *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014), the movant attached two affidavits to its reply, and the nonmovant sought leave to file a sur-reply. Relying on Rule 6(c)(2) and *Peters*, the court held that the movant "did not offer new evidence or arguments" because the affidavits "merely responded to [the opposing party's] arguments presented in her response brief" and did not "supply new evidence material to any of [her] claims." *Id.* The court affirmed denial of leave to file a sur-reply. *Id.*

Here, as was the case in *Key*, Officer Melow's affidavit was responsive only to Plaintiff's arguments presented in her brief. Plaintiff argued that she "was not fleeing, was not armed, and was not suspected of a violent offense," that she did not strike, kick, threaten, or attempt to flee from officers, and that she did not pull, snatch, jerk, or withdraw her arm from the officers' grasp. ECF 130, PageID.1088-90, 1094. Melow's affidavit addresses those assertions by explaining the circumstances he confronted during the encounter, including Plaintiff's repeated attempts to move toward the driver's seat of her vehicle, his concern that she could

access unknown items within the vehicle or use the vehicle to flee, and his observations during the handcuffing process that Plaintiff kept her hands in her pockets, tensed her arms, and moved her hands apart while officers attempted to secure them. (**Exhibit A, at ¶¶ 11–21**). The affidavit also addresses Plaintiff's argument concerning what information was known to officers at the time force was used by setting forth Melow's contemporaneous observations and concerns, rather than relying on facts learned after the arrest. (**Exhibit A, at ¶¶ 11–21**). Thus, the affidavit does not advance a new argument or supply a new basis for summary judgment. Instead, it simply rebuts factual assertions first raised in Plaintiff's response and provides Melow's account of issues Plaintiff herself placed in dispute. Permitting a sur-reply is therefore improper because the affidavit addresses only issues raised by Plaintiff in her response.

**B. *Seay* does not apply as there is no new evidence.**

Plaintiff's reliance on *Seay* is misplaced. In *Seay*, the reply was accompanied by newly produced evidence, and the district court granted summary judgment based on that evidence three days after the reply was filed, before the plaintiff had any opportunity to respond. 339 F.3d at 481-82. The Sixth Circuit held that the plaintiff had not been afforded an adequate opportunity to respond to the new evidence. *Id.* *Seay* thus addresses a court's reliance on genuinely new evidence without giving the nonmovant a chance to respond. It does not hold that a movant may never use

evidence to answer factual allegations the nonmovant raises in its response. *Key*, decided after *Seay*, confirms the point: affidavits that merely respond to the response are not "new submissions" under *Seay*'s standard. 551 F. App'x at 265. As explained *supra*, the affidavit responds to allegations made in Plaintiff's response and does not present new evidence that should have been included with the motion.

**C. Alternatively, the proper remedy is to disregard any challenged material, not to authorize a sur-reply.**

Even if the Court were to conclude that some portion of the affidavit goes beyond rebuttal, the appropriate course is to disregard that portion, not to reopen briefing. The concern in *Seay* was a ruling based on evidence the other party had no opportunity to answer. 339 F.3d at 481-82. That concern does not arise if the Court does not rely on the challenged material. Further, the underlying motion is fully supported by the record as it stood before the reply, and the Court may grant it without considering the affidavit.

Should the Court nonetheless permit a sur-reply, the City respectfully requests that it be limited to Officer Melow's affidavit, not exceed five pages, and not include new arguments concerning the underlying motion.

## CONCLUSION

As explained above, the affidavit in question responds only to issues raised in Plaintiff's response. Accordingly, no sur-reply should be allowed. For the reasons

set forth in this brief, Defendants respectfully request that this Court deny Plaintiff's motion.

Respectfully submitted,

/s/Nicholas P. Gamber
City of Livonia
Counsel for Defendants City of Livonia,
Sydnee Rogers, 16th District Court, P.O.
Melow, P.O. McDermed, P.O. Molchan,
P.O. Johns, P.O. Kott, P.O. Posler
33000 Civic Center Drive
Livonia, MI 48154
(734) 466-2520
ngamber@livonia.gov
P83738

Dated: November 25, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically filed Defendants Response to Plaintiff's Motion for Leave to File Sur-Reply to Address New Evidence Submitted with Defendants' Reply (ECF No. 129), or, Alternatively, to Disregard the Affidavit of Tyler Melow, with the Clerk of the Court using the CM/ECF system, and a copy was electronically served upon Plaintiff, Rahshida Cartwright, in pro per via First Class Mail at the address provided on the pleadings filed with this Court and via email to: rahshi31@gmail.com.

/s/Brenda Smyser
Technical Specialist - Law

City of Livonia, Department of Law
33000 Civic Center Drive
Livonia, MI 48154
bsmyser@livonia.gov
egoldstein@livonia.gov

Dated: November 25, 2026